## W. MILLER *v.* JOHN ROY.

Plaintiff issued execution upon a judgment in February, 1853. This execution has never been returned; and in January, 1855, a rule was taken upon the Sheriff, (who in the meantime had gone out of office) to render him liable for the amount of the judgment, under the Act of 1826. On the trial of the rule, it was admitted that a witness summoned for the Sheriff, would prove, if present, that the counsel of plaintiff was informed and knew that the only property of defendant found, was incumbered to such an extent, that nothing could be made on the execution. A certificate of mortgages was also given in evidence, to prove the same facts. *Held :* that upon this proof the Sheriff is not liable under the statute.

APPEAL from the First District Court of New Orleans, *Larue*, J. *A. P. Field* and *J. Henderson, Jr.*, for plaintiff. *M. Blache*, for *James P. Freret*, appellant in rule.

BUCHANAN, J. The plaintiff having recovered judgment against defendant for three hundred dollars and costs, issued execution upon the same in February, 1853. This execution has never been returned; and in January, 1855, a rule was taken upon the Sheriff (who in the meantime had gone out of office) to render him liable for the amount of the judgment, under the Act of 1826.

On the trial of the rule, it was admitted that a witness summoned for the Sheriff, would prove, if present, that the counsel of plaintiff was informed and knew that the only property of defendant found, was incumbered to such an extent that nothing could be made on the execution. A certificate of mortgages was also given in evidence, to prove the same fact.

Upon the proof, we do not think the Sheriff liable under the statute.

It is therefore adjudged and decreed, that the judgment of the District Court be reversed; and that there be judgment for the appellant, *James P. Freret*, with costs in both courts.

SPOFFORD, J. The rule is predicated upon the alleged neglect of the Sheriff to return within the legal period a *fi. fa.* issued on the 23d February, 1853.

That *fi. fa.* appears in the record with an incomplete return thereon.

But it also appears in the record that an *alias fi. fa.* was issued, which has not been returned by the Sheriff, and with regard to which no complaint is made. It seems to me that the plaintiff by procuring this *alias* writ has waived his right to proceed against the Sheriff, for failing to return the former writ in time.

It also appears that long after the expiration of the return day of the first writ, the plaintiff took rules on certain mortgage creditors of the owner of the property seized, to show cause why said mortgages should not be cancelled, and the property sold to satisfy his claim. These rules were never brought to a final trial, and the Sheriff's defence is thus established by the plaintiff's own course of action.

I, therefore, concur in the decree.